## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### CASE NO.:

GAREY C. GOMEZ,

          Plaintiff,

v.

WILBURN HOLDING COMPANY,
INC. and SONY MUSIC HOLDINGS
INC. dba SONY MUSIC
ENTERTAINMENT,

          Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff GAREY C. GOMEZ by and through his undersigned counsel,

brings this Complaint against Defendants WILBURN HOLDING COMPANY,

INC. and SONY MUSIC HOLDINGS INC. dba SONY MUSIC

ENTERTAINMENT for damages and injunctive relief, and in support thereof

states as follows:

### SUMMARY OF THE ACTION

1.      Plaintiff GAREY C. GOMEZ ("Gomez") brings this action for

violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy

and distribute Gomez's original copyrighted Works of authorship.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

2.      Gomez is a professional photographer from Atlanta, Georgia who works with architects, interior designers, construction firms and homebuilders to create beautiful portfolio imagery to showcase their work. He is a speaker and educator in the world of architectural photography, and was the 2019 PFRE Photographer of the Year. Gomez's photographs have been featured in ArchDaily, Architizer, Curbed, Dezeen, Dwell, Fine Homebuilding and The Architect's Newspaper. His specialties are aerial, architecture, commercial, construction, education architectural, healthcare architectural, interiors, real estate, residential and twilight photography.

3.      Defendant WILBURN HOLDING COMPANY, INC. ("Wilburn") is an American record label founded by Atlanta-based rapper Future and does business as Freebandz or Freebandz Entertainment. Freebandz' releases are distributed by Epic Records. At all times relevant herein,

4.      Defendant SONY MUSIC HOLDINGS INC. dba SONY MUSIC ENTERTAINMENT dba EPIC RECORDS ("Sony") is is a global music company that manages a wide portfolio of artists, labels, and music publishing operations. Under its trade name Sony Music Entertainment, the company oversees numerous iconic labels, including Epic Records, which is known for representing major artists across pop, rock, and hip-hop genres. Together, these entities form part of

Sony's worldwide music division, delivering recorded music, digital distribution, and artist development.

5.    Defendants Wilburn and Sony are collectively referred to herein as "Defendants".

6.    Gomez alleges that Defendants copied Gomez' copyrighted Works from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with their business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' businesses.

## JURISDICTION AND VENUE

7.    This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8.    This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9.    Defendants are subject to personal jurisdiction in Georgia.

10.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

## DEFENDANTS

11.    Wilburn Holding Company, Inc. is a Georgia Limited Liability

Company, with its principal place of business at 2579 Park Central Boulevard,

Decatur, Georgia, 30253, and can be served by serving its Registered Agent,

Candace Williams, 922 Highway 81, Unit 321,  McDonough, Georgia, 30252.

12.    Sony Music Holdings Inc. dba Sony Music Entertainment is a

Delaware Corporation, with its principal place of business at 25 Madison Avenue,

New York, NY, 10010, and can be served by serving its Registered Agent,

Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia

30092.

## THE COPYRIGHTED WORKS AT ISSUE

13.    In 2021, Gomez created the photographs entitled

"20210610.DUNGEON_OOA_061021-209 and

20210610.DUNGEON_OOA_061021-6.jpg," which are shown below,

respectively and referred to herein as the "Works."

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS





5

14.     Gomez registered the Works with the Register of Copyrights on June 30, 2021 as part of a group registration. The Group Registration was assigned registration number VA 2-260-570. The Certificate of Registration is attached hereto as **Exhibit 1**.

15.     At all relevant times Gomez was the owner of the copyrighted Works.

## INFRINGEMENT BY DEFENDANTS

16.     Defendants have never been licensed to use the Works for any purpose.

17.     On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied the Works.

18.     On or about October 21, 2024, Gomez discovered the unauthorized use of his Works on YouTube, Wikipedia, and various other websites. Both of Gomez' Works were used by Defendants on Future's album cover for "Mixtape Pluto."

19.     Defendants copied Gomez's copyrighted Works without Gomez's permission.

20.     Upon information and belief, an independent contractor working for Wilburn received permission from Sony and/or was cleared to use the photographs.

21.     Gomez did not give permission to Wilburn, Sony or the independent contractor, to use the photographs at issue in this case.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

22.     After Defendants copied the Works, they made further copies and distributed the Works on the internet to promote the sale of goods and services as part of their music businesses.

23.     Defendants copied and distributed Gomez's copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

24.     Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 2**.

25.     Gomez never gave Defendants permission or authority to copy, distribute or display the Works for any purpose.

26.     Gomez notified Wilburn of the allegations set forth herein on March 20, 2025 and May 9, 2025. To date, the parties have failed to resolve this matter.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT BY WILBURN

27.     Gomez incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     Gomez owns valid copyrights in the Works.

29.     Gomez registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

30.     Wilburn copied, displayed, and distributed the Works and made derivatives of the Works without Gomez's authorization in violation of 17 U.S.C. § 501.

31.     Wilburn performed the acts alleged in the course and scope of its business activities.

32.     Wilburn's acts were willful.

33.     Gomez has been damaged.

34.     The harm caused to Gomez has been irreparable.

## COUNT II
## DIRECT COPYRIGHT INFRINGEMENT BY SONY

35.     Gomez incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36.     Gomez owns valid copyrights in the Works.

37.     Gomez registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38.     Sony copied, displayed, and distributed the Works and made derivatives of the Works without Gomez's authorization in violation of 17 U.S.C. § 501.

39.     Sony performed the acts alleged in the course and scope of its business activities.

40.     Sony's acts were willful.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

41.     Gomez has been damaged.

42.     The harm caused to Gomez has been irreparable.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT

43.     Gomez incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

44.     Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Works.

45.     Defendants have a direct financial interest in the infringing material because they derive profits from the websites and products displaying the infringed Works.

46.     Despite having the ability to stop the infringed Works from being displayed on the websites and products, Defendants allowed the materials to remain up for display.

47.     To the extent that the actions described above were performed by the third-party alone, Defendants are vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Works without Gomez' authorization in violation of 17 U.S.C. § 501.

48.     Gomez has been damaged.

49.     The harm caused to Gomez has been irreparable

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

WHEREFORE, the Plaintiff GAREY C. GOMEZ prays for judgment against the Defendants WILBURN HOLDING COMPANY, INC. and SONY MUSIC HOLDINGS INC. dba SONY MUSIC ENTERTAINMENT that:

a.    Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.    Defendants be required to pay Gomez his actual damages and Defendants' profits attributable to the infringement, or, at Gomez's election, statutory damages, as provided in 17 U.S.C. § 504;

c.    Gomez be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.    Gomez be awarded pre- and post-judgment interest; and

e.    Gomez be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Gomez hereby demands a trial by jury of all issues so triable.

Dated: January 16, 2025              Respectfully submitted,


/s/  Anthony J. Underwood
ANTHONY J. UNDERWOOD
Bar Number: 685078

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

aj.underwood@sriplaw.com
EVAN A. ANDERSEN
Bar Number: 377422
evan.andersen@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE
Suite 750
Atlanta, GA 30326
470.200.0155 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Garey C. Gomez*

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS